940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK HUFF ASSOCIATES, INC., Plaintiff-Appellant,
v.
McCOY BOLT WORKS, INC., d/b/a McCOY Bolt Inc., Defendant-Appellee.
 No. 90-2042.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff sued for commissions to which it said it was entitled in its capacity as a sales representative for defendant.
 
 
 2
 In its complaint, plaintiff alleged that under the terms of an oral contract between the parties, plaintiff was entitled to a commission "on each sale of McCoy Bolt products to customers procured by Huff"; that it procured Ford, General Motors, and Neway as customers for defendants; that it serviced these accounts during the period it represented defendants; and that defendant terminated the eighteen-year old relationship on December 12, 1988. Plaintiff sought judgment for post-termination commissions "from sales to customers procured by Huff"; reinstatement of the commission arrangement "as to commissions due Huff on all purchase orders placed by customers procured by Huff, prior to the termination of Huff, including reorders placed after the termination of Huff arising out of said purchase orders and including orders and reorders arising out of purchase orders which are not yet in production"; and for an accounting of "post-termination sales to customers procured by Huff" and of "orders and reorders received from customers procured by Huff." In its brief in support of its own motion for summary judgment, plaintiff demanded summary judgment "for commissions due it for every customer procured as opposed to sales completed," including commissions on all repeat orders.
 
 
 3
 In granting defendant's request for summary judgment, the district court concluded that "Huff has failed to establish a question of fact on the issue of whether the agreement was a customer procurement contract. It was a sales and service agreement." We agree with that assessment of the record as it was before the district court, and in affirming the order of the district court adopt the reasoning set out in its order dated August 22, 1990.
 
 
 4
 On appeal, plaintiff would recharacterize its claim, saying it has never argued that this was a customer procurement contract. As will be noted from our summary of the position taken by plaintiff before the district court, that court correctly perceived the issue before it on summary judgment. We are required to determine whether the trial court erred in deciding the question which was actually presented to it, not a question plaintiff presents to us for the first time, or one it may wish it had presented to the trial court. Because it was properly determined that plaintiff's summary judgment evidence did not support a contract for sales commissions conditioned upon customer procurement, we affirm the order of the district court granting summary judgment to defendant.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge from the Southern District of Ohio, sitting by designation